# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No.: 19-20905 |
| The Diocese of Rochester, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| The Diocese of Rochester, | |
| Plaintiff, | |
| | Adversary Proceeding No.: |
| v. | |
| The Continental Insurance Company, Certain Underwriters at Lloyd's, London, Certain London Market Companies, The Dominion Insurance Company Limited, Stronghold Insurance Company Limited, CX Reinsurance Company Limited, Markel International Insurance Company Limited, Tenecom Limited, National Surety Corporation, Interstate Fire & Casualty Company, Colonial Penn Insurance Company, and HDI Global Specialty SE, | |
| Defendants. | |

## COMPLAINT

Plaintiff and Debtor the Diocese of Rochester (the "Diocese" or "Debtor"), by and through its attorneys, Blank Rome LLP and Bond, Schoeneck & King PLLC, brings this Complaint against The Continental Insurance Company ("CNA"), Certain Underwriters at Lloyd's, London ("Certain Underwriters at Lloyd's"), Certain London Market Companies, The Dominion Insurance Company Limited ("Dominion"), Stronghold Insurance Company Limited ("Stronghold"), CX Reinsurance Company Limited ("CX"), Markel International Insurance

3453942.2 11/14/2019

Company Limited ("Markel"), Tenecom Limited ("Tenecom"), National Surety Corporation ("National Surety"), Interstate Fire & Casualty Company ("Interstate"), Colonial Penn Insurance Company ("Colonial Penn"), and HDI Global Specialty SE ("HDI") (collectively, the "Insurers" or "Defendants") and alleges as follows:

## BACKGROUND

1. This is an action against the Diocese's Insurers for breach of contract and declaratory judgment, seeking a declaration of the rights, duties, and liabilities of the parties pursuant to the terms of certain insurance policies and damages. Further, this is an action seeking declaratory relief to determine the extent of the rights of the Debtor in said insurance policies and the extent to which that interest may be property of the estate under 11 U.S.C. § 541.

2. Effective August 14, 2019, the New York State Legislature enacted the Child Victims Act ("CVA"), which allows claimants to file and pursue previously time-barred claims alleging sexual abuse. Prior to the CVA, the statute of limitations prevented claimants from asserting such claims.

3. As a result of the CVA, multiple claims and suits alleged that the Diocese is liable for damages stemming from its purported negligence in connection with the alleged sexual abuse injuries (the "Underlying Actions and Claims").

## THE PARTIES

4. The Diocese is a Roman Catholic diocese in New York, with the episcopal see and principal place of business in Rochester, New York. The Diocese was established in March, 1868 by Pope Pius IX and encompasses 12 counties in Western New York.

5. Upon information and belief, CNA is a corporation organized under the laws of Pennsylvania, with its principal place of business located in Chicago, Illinois. Upon information

and belief, CNA is the service mark for The Continental Insurance Company, which merged with Commercial Insurance Company of Newark, New Jersey, an underwriting company. Additionally, upon information and belief, CNA acquired responsibility for insurance policies issued to the Diocese by Firemen's Insurance Company of Newark, New Jersey and Commercial Casualty Insurance Company, Newark, New Jersey for certain timeframes during which the underlying claimants allege abuse.

6. Upon information and belief, Certain Underwriters at Lloyd's and Certain London Market Companies are domiciled in the United Kingdom. Upon information and belief, Certain Underwriters at Lloyd's and Certain London Market Companies subscribed to certain policies that cover the Diocese for certain timeframes during which the underlying claimants allege abuse, including policies bearing numbers GHV076177, GHV076277, SL3210, GHV076678, GHV076679, SL3556, SL3675, GHV076280, SL3676, GHV076880, SL3693, GHV076183, ISL3090, GHV076283, ISL3091, GHV076881, SL3830, GHV076883, ISL3092, ISL3568, 18W2012, 18XS133, 19W2012, and 19XS133.

7. Upon information and belief, Dominion is a corporation organized under the laws of the United Kingdom, with its principal place of business in Edinburgh, Scotland. Upon information and belief, Dominion subscribed to certain insurance policies that cover the Diocese along with Certain Underwriters at Lloyd's and/or other London Market Companies for certain timeframes during which the underlying claimants allege abuse.

8. Upon information and belief, Stronghold is a corporation organized under the laws of the United Kingdom, with its principal place of business in Norwich, England. Upon information and belief, Stronghold subscribed to certain insurance policies that cover the

Diocese along with Certain Underwriters at Lloyd's and/or other London Market Companies for certain timeframes during which the underlying claimants allege abuse.

9. Upon information and belief, CX, formerly known as CNA Reinsurance of London, is a corporation organized under the laws of the United Kingdom, with its principal place of business in London, England. Upon information and belief, CNA Reinsurance of London subscribed to certain insurance policies that cover the Diocese along with Certain Underwriters at Lloyd's and/or other London Market Companies for certain timeframes during which the underlying claimants allege abuse.

10. Upon information and belief, Markel, formerly known as Terra Nova Insurance Company Limited, is a corporation organized under the laws of the United Kingdom, with its principal place of business in London, England. Upon information and belief, Terra Nova Insurance Company Limited subscribed to certain insurance policies that cover the Diocese along with Certain Underwriters at Lloyd's and/or other London Market Companies for certain timeframes during which the underlying claimants allege abuse.

11. Upon information and belief, Tenecom, formerly known as Yasuda Fire and Marine Insurance Company (UK) Limited, is a corporation organized under the laws of the United Kingdom, with its principal place of business in London, England. Upon information and belief, Yasuda Fire and Marine Insurance Company (UK) Limited subscribed to certain insurance policies that cover the Diocese along with Certain Underwriters at Lloyd's and/or other London Market Companies for certain timeframes during which the underlying claimants allege abuse.

12. Upon information and belief, National Surety is a corporation organized under the

laws of Illinois, with its principal place of business in Chicago, Illinois. Upon information and belief, National Surety operates in the State of New York and sold insurance policies providing coverage to the Diocese for certain timeframes during which the underlying claimants allege abuse.

13. Upon information and belief, Interstate is a corporation organized under the laws of Illinois, with its principal place of business in Chicago, Illinois. Upon information and belief, Interstate operates in the State of New York and sold insurance policies providing coverage to the Diocese for certain timeframes during which the underlying claimants allege abuse.

14. Upon information and belief, Colonial Penn is a corporation organized under the laws of the state of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. Upon information and belief, Colonial Penn operates in the State of New York and sold insurance policies providing coverage to the Diocese for certain timeframes during which the underlying claimants allege abuse.

15. Upon information and belief, HDI is a corporation organized under the laws of Germany, with its principal place of business in Hannover, Germany. Upon information and belief, HDI acquired International Insurance Company of Hannover SE and acquired responsibility for insurance policies issued by International Insurance Company of Hannover SE that cover the Diocese. Additionally, upon information and belief, HDI operates in the State of New York and sold insurance policies providing coverage to the Diocese for certain timeframes during which the underlying claimants allege abuse.

**JURISDICTION AND VENUE**

16. On or about September 12, 2019, the Diocese filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

17. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Diocese continues to operate and manage its property as a debtor-in-possession.

18. This Court has personal jurisdiction over each Defendant because each Defendant has sufficient contacts with the State of New York. Further, each otherwise availed itself of the markets of New York.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334(b) because this is an action between citizens of different states and the amount in controversy exceeds $75,000.

20. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 insofar as it seeks to determine the extent and nature of the interests of the bankruptcy estate in certain policies and rights under said policies of insurance, under 11 U.S.C. § 541.

21. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(b) because a substantial part of the events or omissions giving rise to the dispute occurred in this District, including the issuance of the respective insurance policies at issue.

## THE INSURANCE POLICIES

22. Upon information and belief, at various times from at least 1943 to the present, in consideration of premiums paid by the Diocese, or parishes or Diocesan corporations on its behalf as an additional named insured, the Insurers, among others, sold or acquired responsibility for primary general liability insurance policies sold to the Diocese, as well as certain umbrella and/or excess liability policies (the "Insurance Policies").

23. Upon information and belief, each of the Insurance Policies requires the Insurers to pay on behalf of the Diocese all sums that the Diocese becomes legally obligated to pay as a

6

3453942.2 11/14/2019

result of bodily injury, as long as any part of the injury took place, and with regard to certain Insurance Policies a claim was made, during the policy period.

24. Upon information and belief, each of the Insurance Policies also requires the Insurers to pay defense costs and expenses, including attorney's fees, incurred by the Diocese in the investigation and defense of the Underlying Actions and Claims. This obligation applies even if the allegations against the Diocese are groundless, false, or fraudulent.

25. Upon information and belief, the Diocese, or parishes or Diocesan corporations on its behalf as an additional named insured, timely paid all premiums due under the Insurance Policies.

## THE UNDERLYING ACTIONS

26. The Underlying Actions and Claims contain allegations against the Diocese. The claimants in the Underlying Actions and Claims allege that the Diocese was negligent and the claimants suffered injuries resulting from alleged sexual abuse.

27. The Diocese timely notified Defendants of the Underlying Actions and Claims and at all times has cooperated with the Insurers' reasonable requests.

28. The Diocese has fulfilled all of its duties and conditions under each of the Insurance Policies with respect to the Underlying Actions and Claims.

29. The Diocese is entitled to all benefits provided by the Insurance Policies.

30. The Underlying Actions and Claims are covered by the Insurance Policies.

31. The Insurers have failed to acknowledge their full coverage obligations to (a) defend or pay for the defense of the Diocese and/or (b) indemnify the Diocese, including the funding of any past and future settlements or judgments, in connection with the Underlying Actions and Claims, despite the Diocese's timely request that they do so.

7

32. By failing to acknowledge their full coverage obligations to defend and/or indemnify the Diocese in connection with some or all of the Underlying Actions and Claims, the Insurers have breached their contractual obligations to the Diocese. Consequently, an actual and justiciable claim exists as to all Insurers named as Defendants in this action.

## COUNT I

**Breach of Contract Against All Insurers Seeking Declaratory Relief – Duty to Defend**

33. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 32 above with the same force and effect as though fully set forth herein.

34. The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies.

35. Pursuant to the terms of the Insurance Policies, each of the Insurers is obligated to pay in full the expenditures made by the Diocese to defend itself against the Underlying Actions and Claims.

36. The Insurers have refused to accept their legal obligations to pay in full for the Diocese's defense of some or all of the Underlying Actions and Claims.

37. Each of the Insurers' refusal to defend the Diocese constitutes a breach of the Policies.

38. An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Diocese's defense costs attributable to some or all of the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

39. The issuance of declaratory relief by this Court will terminate the existing controversy between the parties.

## COUNT II

**Breach of Contract Against All Insurers Seeking Damages – Duty to Defend**

40. The Diocese repeats and realleges each and every allegation contained in Paragraphs 1 through 39 above with the same force and effect as though fully set forth herein.

41. The Diocese has incurred and may continue to incur substantial damages in the form of costs to defend itself against the Underlying Actions and Claims for which each of the Insurers is responsible pursuant to the terms of the Insurance Policies.

42. The Insurance Policies are valid and enforceable contracts providing insurance coverage for the damages incurred by the Diocese.

43. The Diocese has given timely notice to each of the Insurers of the Underlying Actions and Claims.

44. The Diocese substantially performed all material obligations on its part to be performed under the Insurance Policies.

45. Each of the Insurers has refused to accept its legal obligations to pay the Diocese's defense costs in response to some or all of the Underlying Actions and Claims.

46. Each of the Insurers' failure to defend the Diocese constitutes a breach of the Insurance Policies.

47. As a direct and proximate result of each of the Insurers' breach of the Insurance Policies, the Diocese is suffering and will continue to suffer damages equal to the sums it would be entitled to recover as benefits under the Insurance Policies.

# **COUNT III**

**Breach of Contract Against All Insurers Seeking Declaratory Relief – Duty to Indemnify**

48. The Diocese repeats and realleges each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as though fully set forth herein.

49. The Diocese seeks a judicial determination of the rights and duties of the Diocese and the Insurers with respect to an actual controversy arising out of the Insurance Policies.

50. Pursuant to the terms of the Insurance Policies, each of the Insurers is obligated indemnify the Diocese for, or pay on its behalf, all sums that the Diocese becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Underlying Actions and Claims.

51. The Insurers have refused to accept their legal obligations to indemnify the Diocese for the total sums that the Diocese is legally obligated to pay as a result of some or all of the Underlying Actions and Claims.

52. Each of the Insurers' refusal to indemnify the Diocese constitutes a breach of the Policies.

53. An actual controversy of a justiciable nature presently exists between the Diocese and the Insurers concerning the proper construction of the Insurance Policies and the rights and obligations of the parties thereto with respect to the Underlying Actions and Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

54. The issuance of declaratory relief by this Court will terminate the existing controversy between the parties.

## COUNT IV

**Breach of Contract Against All Insurers Seeking Damages– Duty to Indemnify**

55. The Diocese repeats and realleges each and every allegation contained in Paragraphs 1 through 54 above with the same force and effect as though fully set forth herein.

56. The Diocese incurred damages in the form of costs to pay settlements and/or judgments in the Underlying Actions and Claims for which each of the Insurers is responsible pursuant to the terms of the Insurance Policies.

57. The Insurance Policies are valid and enforceable contracts providing insurance coverage for the damages incurred by the Diocese.

58. The Diocese has given timely notice of the Underlying Actions and Claims.

59. The Diocese substantially performed all material obligations on its part to be performed under the Insurance Policies.

60. Each of the Insurers has refused to accept its legal obligations to provide coverage for the Diocese in response to some or all of the Underlying Actions and Claims.

61. Each of the Insurers' failure to indemnify the Diocese constitutes a breach of the Insurance Policies.

62. As a direct and proximate result of each of the Insurers' breach of the Insurance Policies, the Diocese is suffering and will continue to suffer damages equal to the sums it would be entitled to recover as benefits under the Insurance Policies.

## PRAYER FOR RELIEF

**WHEREFORE**, the Diocese prays for judgment as follows:

1. On Count I, the Diocese requests that this Court enter a declaratory judgment in

favor of the Diocese against each of the Insurers, declaring that each of the Insurers is severally and indivisibly obligated to pay the costs of defending the Diocese against the Underlying Actions and Claims, together with attorneys' fees and costs and pre-judgment interest;

2. On Count II, the Diocese requests that this Court enter a judgment in favor of the Diocese and severally against each of the Insurers, and award compensatory damages in an amount to be determined at trial, as well as pre-judgment and post-judgment interest on those amounts of defense costs which each of the Insurers wrongfully refused to pay the Diocese, together with attorneys' fees and costs;

3. On Count III, the Diocese requests that this Court enter a declaratory judgment in favor of the Diocese against each of the Insurers, declaring that each of the Insurers is severally and indivisibly obligated to indemnify the Diocese for any judgments and/or settlements attributable to the Underlying Actions and Claims, together with attorneys' fees and costs and pre-judgment interest;

4. On Count IV, the Diocese requests that this Court enter a judgment in favor of the Diocese and severally against each of the Insurers, and award compensatory damages in an amount to be determined at trial, as well as pre-judgment and post-judgment interest on those amounts of indemnity costs which each of the Insurers wrongfully refused to pay the Diocese, together with attorneys' fees and costs;

5. Additionally, the Diocese requests such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Diocese requests a trial by jury on any issue so triable.

Dated: November 14, 2019

                Respectfully submitted,

                BOND, SCHOENECK & KING PLLC

    by:    /s/ Charles J. Sullivan
                Stephen A. Donato
                Charles J. Sullivan
                One Lincoln Center
                Syracuse, NY 13202
                Telephone: (315) 218-8336
                Facsimile: (315) 218-8100
                sdonato@bsk.com
                csullivan@bsk.com

                BLANK ROME LLP
                James R. Murray
                Jared Zola
                Robyn L. Michaelson
                (*pro hac vice* application to be submitted)
                1271 Avenue of the Americas
                New York, New York 10020
                Telephone: (212) 885-5209
                Facsimile: (917) 591-8538
                jmurray@blankrome.com
                jzola@blankrome.com
                rmichaelson@blankrome.com

                BLANK ROME LLP
                James S. Carter
                (*pro hac vice* application to be submitted)
                1825 Eye Street NW
                Washington, DC 20006
                Telephone: (202) 420-3409
                Facsimile: (202) 420-2201
                jscarter@blankrome.com

                *Counsel for The Diocese of Rochester*