UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

        Debtor.

Case No. 19-20905

Chapter 11

---

The Diocese of Rochester,

        Plaintiff,

v.

The Continental Insurance Company, Certain Underwriters at Lloyd's, London, Certain London Market Companies, The Dominion Insurance Company Limited, Stronghold Insurance Company Limited, CX Reinsurance Company Limited, Markel International Insurance Company Limited, Tenecom Limited, National Surety Corporation, Interstate Fire & Casualty Company, Colonial Penn Insurance Company, and HDI Global Specialty SE,

        Defendants.

Adversary Proceeding
No.: 19-ap-02021

---

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION
TO EX PARTE MOTION OF LONDON MARKET INSURERS
AND INTERSTATE FIRE & CASUALTY COMPANY
FOR AN ORDER PERMITTING (I) THE FILING OF
PLEADINGS CONTAINING CERTAIN INFORMATION; AND (II)
PERMITTING MOVANTS TO PROVIDE THE ABUSE
SURVIVORS' PROOFS OF CLAIM TO AN EXPERT WITNESS**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of

Rochester (the "**Debtor**" or "**Diocese**"), by and through its undersigned counsel, hereby submits

its objection (the "**Objection**") to the *Ex Parte Motion of London Market Insurers and Interstate*

*Fire & Casualty Company for an Order Permitting (I) the Filing of Pleadings Containing*

*Certain Information and; (II) Permitting Movants to Provide the Abuse Survivors' Proofs of Claim to an Expert Witness* (the "**Disclosure Motion**") [Docket No. 104 and Docket No. 1102 in the main case]. In support of its Objection, the Committee respectfully states as follows:

## Objection[1]

1. Through the Disclosure Motion, the Settling Insurers seek authority to file certain information on the docket (the "**Filing Request**") and to disclose Sexual Abuse Proof of Claim Forms to an unnamed expert witness (the "**Disclosure Request**"). The Filing Request has been resolved by the *Stipulation and Order Regarding Reference to Sexual Abuse Claims* entered by the Court on July 1, 2021 [Docket No. 1144]. Only the Disclosure Request remains at issue.

2. This matter should be simple to resolve. The Settling Insurers must disclose the identity of the proposed expert witness so that Sexual Abuse survivors know who is going to have access to Sexual Abuse Proof of Claim Forms. The Committee has repeatedly informed the Settling Insurers that it will quickly vet any proposed expert and, if appropriate, grant its consent to access the forms. Recently, the Committee consented to members' of the Parish Steering Committee receiving access to Sexual Abuse Proofs of Claim in accordance with procedures established by the Bar Date Order.[2] Undersigned counsel to the Committee has repeatedly informed the Settling Insurers that the Committee will only consent to disclosure of Sexual Abuse Proof of Claim Forms to an *identified* expert. Yet, the Settling Insurers refuse to identify the expert.

---

[1] Capitalized terms used in this Objection are as defined in the Disclosure Motion.

[2] "**Bar Date Order**" refers to the Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 425]

2

DOCS_LA:338801.1 18489/002
Case 2-19-02021-PRW, Doc 140, Filed 07/07/21, Entered 07/07/21 13:56:55, Description: Main Document, Page 2 of 4

3. The Settling Insurers' failure to identify the expert is especially perplexing given that the individuals granted access to the forms will have to disclose their name on the Confidentiality Agreement (as defined in the Bar Date Order) that will be provided to the Committee and the Debtor pursuant to the Bar Date Order. *See Bar Date Order* at ¶12(d)(requiring execution of a Confidentiality Agreement; requiring that the same be provided to the Committee and the Debtor).

4. The Court should not authorize the Settling Insurers to provide the forms to an unidentified expert. The Court has correctly protected the identity of Sexual Abuse Claimants and the personal information they disclose in the forms. There is no basis to veer from that course with respect to the POC Disclosure Request. The Settling Insurers' only excuse for failing to disclose the expert to date is that the expert may have not been formally retained. *See* Disclosure Motion at ¶ 15 ("The Settling Insurers agreed to (a) identify the expert witness once the expert witness has been formally engaged…"). If the expert has not yet been formally engaged, they have no need to access the forms. As such, at best the request is premature.

WHEREFORE, for the reasons set forth above the Court should deny the relief requested regarding the POC Disclosure Request.

Dated: July 7, 2021

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Ilan D. Scharf*
James I. Stang (admitted *pro hac vice*)
Ilan D. Scharf
Iain Nasatir
James Hunter
Brittany M. Michael
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:    jstang@pszjlaw.com
           ischarf@pszjlaw.com
           inasatir@pszjlaw.com
           jhunter@pszjlaw.com
           bmichael@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*